IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE OF KANSAS,

                Plaintiff,

v.                                                               Case No. 19-2212-CM

JULIUS KING RAMBO, III,

                Defendant.

## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS and REPORT AND RECOMMENDATION

On May 2, 2019, Julius King Rambo, III, proceeding pro se, filed what he titled a "removal complaint," alleging the State of Kansas violated his Sixth Amendment right to counsel during his state criminal case.[1] Simultaneously, he filed a motion to proceed with this action *in forma pauperis* (ECF No. 3). As discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, recommends that, although Mr. Rambo is granted leave to proceed *in forma pauperis*, his action be dismissed under the screening requirement of 28 U.S.C. § 1915(e)(2).

I.     Motion to Proceed In Forma Pauperis

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give

---

[1] Mr. Rambo filed a similar removal complaint in 2017, which was dismissed and the dismissal recently upheld on appeal, *see* Case No. 17-2605-CM, but the claims asserted in this case appear slightly different.

security therefor."² To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees.³ The decision to grant or deny *in-forma-pauperis* status under § 1915 lies within the "wide discretion" of the trial court.⁴ Based on the information contained in Mr. Rambo's affidavit, Mr. Rambo has shown a financial inability to pay the required filing fee. The court therefore grants Mr. Rambo leave to proceed without prepayment of the filing fee pursuant to § 1915(a)(1).

II.     Screening under 28 U.S.C. § 1915(e)(2)

When a party is granted leave to proceed *in forma pauperis*, § 1915(e)(2) requires the court to screen the party's complaint. The court must dismiss the case if the court determines it is legally frivolous. As noted above, Mr. Rambo's case is before this court because Mr. Rambo appears to seek the removal of his state-court action. Mr. Rambo alleges he "was carried into arraignment without requested counsel thereby violating and depriving rights protected under the 6th Amendment and bound over improperly in the process."⁵ He seeks as relief "a proper arraignment;" he does not seek money damages.⁶

The court recognizes that "[u]nder 28 U.S.C. § 1443, a defendant may remove a

---

² 28 U.S.C. § 1915(a)(1).

³ *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *United States v Garcia*, 164 Fed. App'x 785, 786 n.1 (10th Cir. Jan. 26, 2006).

⁴ *Garcia*, 164 Fed. App'x at 786 n.1. *See also Lister*, 408 F.3d at 1312 ("[W]e review the district court's denial of IFP status for an abuse of discretion.").

⁵ ECF No. 1 at 3.

⁶ *Id.* at 4.

state criminal prosecution to federal court under certain circumstances."[7] Section 1443(1) allows removal of state-court criminal prosecutions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." The Supreme Court has established a two-part test for section 1443(1) removal petitions.[8] "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality."[9] "Second, it must appear 'that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State.'"[10]

The undersigned finds that Mr. Rambo has not alleged a claim arising "under a federal law providing for specific civil rights stated in terms of racial equality." The Sixth Amendment is not a "racial equality" law. Nor has Mr. Rambo specified what aspect of Kansas law prevents him from vindicating his rights in state court.[11]

---

[7] *Pledger v. Kan.*, 686 Fed. App'x 593, 594 (10th Cir. 2017).

[8] *Taos Cty. Magistrate Court v. Currier*, 625 Fed. App'x 358, 360 (10th Cir. 2015).

[9] *Id.* (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

[10] *Id.* at 361 (quoting *Johnson*, 421 U.S. at 219).

[11] The court notes that 28 U.S.C. §§ 1442, 1442a, and 1443(2) also authorize the removal of certain state criminal prosecutions under circumstances not here alleged. Sections 1442 and 1442a apply to actions against federal officers or agencies, and against members of the armed forces, respectively. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006) (quoting *Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)).

To the extent Mr. Rambo's complaint could be construed to assert a civil-rights claim against the State of Kansas, Mr. Rambo's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[12] Moreover, the State of Kansas is immune from suit under the Eleventh Amendment.[13]

IT IS THEREFORE RECOMMENDED that the presiding U.S. District Judge, Carlos Murguia, dismiss this action.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

The Clerk is directed to send a copy of this report and recommendation to plaintiff.

IT IS SO ORDERED.

Dated May 2, 2019, at Kansas City, Kansas.

                                            s/ James P. O'Hara
                                            James P. O'Hara
                                            U.S. Magistrate Judge

---

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[13] *See Braithwaite v. Rainbow Mental Health Facility*, No. 12-2405, 2012 WL 3655291, at *1 (D. Kan. Aug. 27, 2012) ("Under the Eleventh Amendment, states are immune from suit in federal court, even by its own citizens, unless (1) the state consents to the suit, or (2) Congress validly abrogates the states' immunity. The State of Kansas has not consented to suit under § 1983 …, nor has Congress abrogated the states' immunity from those suits." (quotations omitted)).