**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

STATE OF KANSAS,                      )
                                      )
        Plaintiff,                )
                                      )
v.                                    )
                                      )   Case No. 19-2212-CM-JPO
JULIUS KING RAMBO, III,               )
                                      )
        Defendant.                )
                                      )

## MEMORANDUM AND ORDER

Defendant Julius King Rambo, III, filed a "removal complaint" *pro se*, claiming that the State of Kansas violated his Sixth Amendment right to counsel during his state criminal case. Magistrate Judge James P. O'Hara granted Rambo leave to proceed in forma pauperis and screened the case pursuant to 28 U.S.C. § 1915(e)(2). Judge O'Hara filed a Report and Recommendation (Doc. 4), recommending that this court dismiss the case as frivolous. Rambo filed an objection within fourteen days.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss sua sponte an in forma pauperis action as failing to state a claim upon which relief may be granted. *Whitney v. New Mexico*, 113 F.3d 1170, 1172–73 (10th Cir. 1997); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii). Such dismissal is warranted where it is "patently obvious" that the plaintiff (or, in this case, the remover-defendant) cannot prevail on the facts alleged and that amendment would be futile. *Whitney*, 113 F.3d at 1173 (citations and quotations omitted). The court must determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl.Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). The court will dismiss the complaint if the complaint does not "give the court reason to believe that *this* [party] has a

reasonable likelihood of mustering factual support for *these* claims." *Id.* The party must "nudge[] [his] claims across the line from conceivable to plausible" to avoid dismissal. *Twombly*, 550 U.S. at 570.

The court is mindful of the fact that Rambo is proceeding pro se. Because of Rambo's pro se status, the court affords him some leniency in construing his complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted). The court may not, however, assume the role of advocate for Rambo simply because he is proceeding pro se. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court should not "construct arguments or theories for the [removing party] in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted). Nor should the court "supply additional factual allegations to round out a . . . complaint or construct a legal theory on a [party's] behalf." *Whitney*, 113 F.3d at 1173–74 (citation omitted).

Here, defendant has attempted to remove a state court criminal action pursuant to 28 U.S.C. § 1443. This statute allows a state court criminal defendant to remove a state criminal prosecution to federal court under particular circumstances. But these circumstances are limited; the removal must meet two requirements: (1) "it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality"; and (2) "it must appear 'that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State.'" *Taos Cty. Magistrate Court v. Currier*, 625 F. App'x 358, 360 (10th Cir. 2015).

Defendant's claims do not meet either of these requirements. He claims that he "was carried into arraignment without requested counsel thereby violating and depriving rights protected under the 6th Amendment and bound over improperly in the process." (Doc. 1, at 3.) In defendant's objections to Judge O'Hara's order, he states that he meant to file this action under 18 U.S.C. § 242 – Deprivation

of Rights. Presumably, this is defendant's attempt to show that the rights he is asserting are civil rights relating to racial equality. Defendant's belated attempt to meet the standards for § 1443(1) removal fails. The rest of his objection makes clear that he is upset with the state court for denying him appointment of counsel. There is no indication that the denial of counsel has anything to do with a racial equality law or what Kansas law prevents defendant from vindicating his rights in state court.

Judge O'Hara correctly analyzed defendant's complaint. There is no basis for removal of defendant's state court criminal prosecution. Ordinarily in a removal action, the court remands the case to state court instead of dismissing it when the case has been improperly removed. But here, defendant never actually specifies in which court his criminal case is being prosecuted. This court therefore cannot remand the case. Instead, the court will dismiss the case as legally frivolous, as 28 U.S.C. § 1915 permits it to do.

**IT IS THEREFORE ORDERED** that Judge O'Hara's Report and Recommendation dated May 3, 2019 (Doc. 4) is adopted in full. This case is dismissed under 28 U.S.C. § 1915(e)(2). The case is closed.

Dated this 20th day of August, 2019, at Kansas City, Kansas.

                                         **s/ Carlos Murguia**
                                         **CARLOS MURGUIA**
                                         **United States District Judge**